ST. PATRICK'S CHURCH, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46129.)

Third Department, October 30, 1968.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman and Ruth Kessler Toch of counsel), for appellant-respondent.*

*Herman S. Gottfried (John T. DeGraff and Margrethe R. Powers of counsel), for respondent-appellant.*

GABRIELLI, J. These are cross appeals from a judgment in favor of claimant, entered August 7, 1967, upon a decision of the Court of Claims.

In 1960 claimant purchased a 3.909-acre tract of land and it is undisputed that the acquisition was for the specific purpose of erecting a church, school, rectory and convent and that its then formulated plans also included the necessary recreational area for the new complex. At the time of the appropriation of .977 acre by the State in 1965, construction of the church had been completed and the balance of the buildings were to be erected in the near future as well as the completion of the recreational area. The State concedes that after the appropriation, the reduced area of the remaining land was insufficient for the original best available use of the property and for the completion of the planned catechetical center.

By its appeal the State does not quarrel with the award of $4,000 for direct damages, but does contend that the award of $27,200 for consequential damages was improper and claims such damages were limited to a maximum of $5,000, the cost to cure the injury caused by the appropriation, and thus seeks a reduction of the award to $9,000.

The State bases its contention on a purchase of property containing 1.05 acres by the claimant for $25,000 and which was adjacent to the appropriated property, and which purchase occurred more than 14 months after the taking. The State maintains that a house on this property, which is now being used as a rectory, is worth $20,000 and, therefore, asserts claimant was consequentially damaged to the extent of $5,000 only.

It is well to here note that the State failed to prove by any recognized and acceptable methods, the true value of this additional property purchased by the claimant, resting its claim of value on the actual purchase price thereof without regard to legal proof of its value by either comparables or other criteria; and further there is a complete lack of any proof that the residence on this property had a value of $20,000.

However, even if we were to assume the validity of the claimed values of this land and the residence, we are unable to adopt the "cost to cure" theory advanced by the State or to agree with its contention that the court erred in making the award, which appears to be within the range of the testimony.

We are not here dealing with any mitigation of damages by something that occurred or could occur upon the property remaining after the appropriation as in *Mayes Co.* v. *State of New York* (18 N Y 2d 549), where the "cost to cure" theory was allowed because the cure was to occur *within* the bounds of the claimant's lands. Sound reason requires that the theory cannot be used in cases of subsequent acquisitions of lands outside the bounds of the appropriated property; nor should a condemnee's right to compensation be made to depend upon whether adjacent land could easily be purchased. These established principles are clearly recognized in 4 Nichols, Eminent Domain (3d ed.) (§ 14.22, p. 525) where, in referring to the rule of cost of restoration, it is stated that "the restoration must be possible without going outside the remaining portion of the tract in controversy"; and again in section 14.2472 (p. 683), "It has recently been held that whether premises of a like description to those taken are readily available or whether it was owner's intention to seek similar property was not relevant to the question of the fair market value of condemned premises" (citing *Jones* v. *Providence Redevelopment Agency,* 92 R. I. 285). That the adoption of the novel theory advanced by the State, illogical in its foundation, might well lead to confusion and havoc in the use of well-reasoned and judicially founded principles of providing just compensation for the taking of a citizen's lands, is all too evident.

Our attention has been called to *Edgcomb Steel of New England* v. *State* (100 N. H. 480), which is not a parallel to the case under consideration for there the additionally purchased land considered by the court had been contracted for prior to and pending the taking. In any event, that court reaffirmed the doctrine that damages for the taking are measured by the before and after values, measured at the time of taking.

Additionally controlling upon the facts here presented is the well-established doctrine that claimant's right to compensation is constitutionally vested and should be measured as of the time of the taking when its damage had become accrued and fixed. (*Wolfe* v. *State of New York,* 22 N Y 2d 292; *Minesta Realty Co.* v. *State of New York,* 26 A D 2d 592.)

The damages found by the court are within the range of the evidence and a review of the entire record fails to disclose sufficient basis to disturb its determination.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment affirmed, with costs to respondent-appellant.