■ JOSEPH GLUCKMAN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49047.) — Appeal from a judgment entered November 4, 1970 upon a decision of the Court of Claims. The State of New York appropriated approximately 15.835 acres of land owned by the claimants in the Town of Brookhaven, New York. The taking divided the remainder of the property into two parcels; a northern parcel of 25.7 ± acres and a southern parcel of 85.4 ± acres. The northern remainder was bounded by an unimproved paper street on the west, residential development to the north to which

a right of way to a tap street was present, unrelated property to the east, and the appropriated parcel to the south. The southern parcel had southern frontage on the north side of Union Avenue. The property was zoned L (Industrial Parks), a zone established to attract limited industrial uses which would not disturb the general character of the surrounding nonindustrial area. The Court of Claims found that the highest and best use of the property before the appropriation was light industrial consonant with the existing zoning and that although the highest and best use of the southern parcel remained the same after the appropriation, the highest and best use of the northern parcel after the appropriation was residential. This determination was made because the northern parcel had become physically landlocked insofar as an industrial use was concerned, since the access to the tap street pursuant to the easement was restricted to a residential traffic pattern. The court awarded claimant damages in the amount of $258,165, $142,515 being direct damages for the property damaged. The balance, $115,650, was for consequential damages for the reduction of the use of the northern remainder to residential; said reduction being held to have reduced the value of the parcel by 50%. The State appeals only from that part of the award which allowed consequential damages for the northern remainder, contending that, since a service road could be extended from its terminus to the parcel, the land could not be said to have been landlocked and that the consequential damages should have been determined by the cost to cure method, said damages being the cost of construction of the extension of the service road. Claimant's right to compensation for the property appropriated accrued at the time of the taking, and it is at that time that the amount of damages became fixed (*Chester Litho* v. *Palisades Interstate Park Comm.*, 27 N Y 2d 323; *Wolfe* v. *State of New York*, 22 N Y 2d 292). At that time, claimant's land, insofar as industrial use was concerned, was landlocked. The easement by which access was available to the tap street was concededly restricted to residential traffic. No other access was present and claimant could not be required to construct an extension of the service road to his land. The extension would have to be constructed over a public right of way and claimants neither had a permit from the town to complete the road nor even a permit or any document or other evidence that the State, as of the date of appropriation, had granted them a right to complete the road. The assertion that claimants need only apply to the State for a permit and it would be granted, since to deny such would be an abuse of discretion, is certainly not equivalent to a right of access to the parcel (see *Windham* v. *State of New York*, 34 A D 2d 590, mot. for lv. to app. den. 27 N Y 2d 481). In sum, claimants cannot be required by the State to create a public road over a public right of way to provide new access to the remainder of their property, when an appropriation of part of the property by the State has destroyed such access (see *Wolfe* v. *State of New York, supra*). We also note that the cost to cure theory, the method of computing consequential damages which the State seeks to use to require claimants to extend the service road to their property, may not be used here since the cure must be accomplished without going outside the tract in controversy. (*St. Patrick's Church* v. *State of New York*, 30 A D 2d 473; 4A Nichols, Eminent Domain [3d ed.], § 14.22.) Judgment affirmed, with costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.