■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LEROY, Petitioner, v. JOSEPH P. CONBOY, as Superintendent of Great Meadow Correctional Facility, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c], pars. 1, 5) thereof, and as otherwise insufficient on its face. Herlihy, P. J., Greenblott, Sweeney, Simons and Kane, JJ., concur.

## (April 27, 1972)

■ CARL CAMPBELL, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48104.) — Appeal from a judgment entered in the Court of Claims on a decision in favor of claimant. Claimant was the owner of 675 acres of timber and quarry land. A 13.31-acre strip along the northerly boundary was appropriated by the State in 1965 to construct a new Route 17, which is a nonaccess highway. Before the appropriation, the claimant's land did not abut on any public roadway and he removed timber and stone from his property by crossing lands immediately to the north which were owned by (1) Elk Brook, Inc., (2) Wilcox, (3) by fording the Beaver Kill River, and (4) finally by crossing lands of McAdams to reach old Route 17. Claimant did not have an easement or right of way. He crossed the respective lands with the permission or acquiescence of the various owners. The State argues that since claimant had no legally enforceable right of ingress and egress to Route 17, he has not sustained any consequential damages by the State's appropriation of land along the northern boundary of his property which cut off this route. The trial court found that the claimant had access before the taking and awarded claimant $665 in direct damages for the land taken, and $13,685 for consequential damages to the remaining land for total damages of $14,350. The fact that claimant had no proprietary interest in the lands he crossed to reach the public highway does not foreclose his right to recover for the consequential loss to the remainder of his land when it was isolated by the State's new highway. Whatever the legal nature of the access before the taking, the fact is that it was used by claimant without objection from the time he acquired the property in 1941 and by others before him as early as 1909. Where a partial taking by the State leaves the property remaining without suitable access for its highest and best use, the resulting loss is compensable. (*Priestly* v. *State of New York*, 23 N Y 2d 152.) Property with a right of ingress and egress by perpetual easement would, of course, have a greater value than property with access only by a revocable license to cross adjoining property. (See *Babcock* v. *State of New York*, 27 A D 2d 880.) Nevertheless, there was an access which had been used, and the question in determining whether or not claimant is entitled to consequential damages is whether or not he has been deprived of this access — not the quality of it. Having determined he was, the market value of the land may be established bearing in mind the infirmities of the access. Both experts did this in their appraisals. They arrived at a before market value with the access, such as it was, and an after value for the landlocked parcel, from which they then determined damages, direct and consequential. The trial court properly held that claimant had been deprived of an existing access by the State and since the award is within the range of testimony, we see no reason to disturb it. The State's "cost to cure" theory of damages was properly rejected since the lack of access could not be cured without using land outside of the subject property. (*St. Patrick's Church* v. *State of New York*, 30 A D 2d 473.) Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.