ARNOLD LEIDER et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 50684.)

Third Department, June 13, 1974.

*Scheinman & Kalter* (*Michael R. Gottlieb* and *Louis B. Scheinman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Martin J. Seigel* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. Claimants were the owners of approximately 65 acres of unimproved farm land which they had purchased in July of 1966 for $77,700. On April 8, 1968, the State appropriated a corridor of land of approximately 19 acres running the entire length of the parcel for the construction of Interstate Route 84. The original parcel had been bounded on one side by the Erie-Lackawanna Railroad, on another side by Crotty Road, a town road, and on a third side by Goshen Turnpike, a county road. The taking divided the remainder into two parcels, one of approximately 37 acres which claimants sold in June, 1969 to Strick Corporation for $175,000, and one of nine landlocked acres bordering the railroad. The trial court found that claimants had sustained direct damages of $28,050, and since they had already received a $30,000 partial payment, judgment was entered in favor of the State in the amount of $1,950 plus interest. Since the after value of the 37-acre portion was found to be well in excess of its before value due to benefits attributable to the project for which the appropriation was made, consequential damages to the nine landlocked acres were offset so that no award was made for consequential damages.

At the time the appraisers for both claimants and the State prepared their appraisals, neither was aware of the sale to Strick Corporation, and both made findings of consequential damages. In *Leider* v. *State of New York* (36 A D 2d 788), we affirmed an order denying a motion to amend the appraisals, but notice of the sale was served pursuant to section 16 of the Court of Claims Act, and evidence of the sale was admitted at trial. The State's appraiser testified that, in consideration of the sale, he would revise his opinion as to after value to $175,000. Giving considerable weight to that sale, the trial court found an after value of $120,730. Claimants contend that this finding, admittedly outside the range of values established by the appraisals, was insufficiently explained and therefore was erroneous. We disagree. It is clear from a reading of the decision of the trial

court in its entirety that its finding was based upon the weight it chose to give to the Strick sale as evidence of after value. Since the sale price actually exceeded the $120,730 after value found, we feel that this finding has more than adequate substantiation in the record.

Claimants next contend that the court erred in finding that the construction of the new highway benefited the remainder. The record as a whole, in our view, supports the trial court's conclusion " that the impact of this project was to cause an increase in the value of the subject property." (69 Misc 2d 998, 1004.) Claimants' appraiser testified that the marked increase in value after the taking was attributable to other factors, but he was unable to specify any such factors other than by general statements as to the increased pace of development in the area. Moreover, if such other factors had resulted in a large increase in values, it is hard to perceive how he could have arrived at an after value of only $33,000, prior to consideration of the Strick sale.

Claimants' final contention is that benefits to the 37-acre parcel should not be offset against damages to the nine-acre landlocked parcel. This proposition might have been applicable had the two parcels been separate and lacking in unity of use prior to the taking. In such a case, the benefits to one parcel cannot be used to offset consequential damages to what was a separate parcel prior to the taking. (See 4A Nichols, Eminent Domain [3d ed.], § 14.3.) Here, however, the two remaining parcels originated from one whole, so that any benefits and consequential damages can only be measured by a comparison with the value of the entire parcel prior to the taking. Before the taking, the value per acre found by the court was $1,500, so that the combined before value of the two " parcels " which became the remainder was approximately $69,000. After the taking, the value of the 37-acre parcel by itself, and as a consequence the value of both remainders taken together, exceeded the before value of the two remainders combined. In other words, that which remains of claimants' single original parcel exceeds the value which before the taking would have been attributable to that acreage. We therefore do not feel that claimants are entitled to an exception to the rule requiring benefits to be set off against consequential damages.

The judgment should be affirmed, without costs.

HERLIHY, P. J., COOKE, KANE and MAIN, JJ., concur.

Judgment affirmed, without costs.