■ In the Matter of COUNTY OF SUFFOLK, Respondent, Relative to Acquiring Title to Real Property on Sills Road in the Town of Brookhaven. ARVED, INC., Appellant.—In a condemnation proceeding, claimant appeals, on the ground of inadequacy, from a final decree of the Supreme Court, Suffolk County, entered October 14, 1976, which, after a nonjury trial, awarded it $100,855 plus interest for the taking. (A cross appeal by petitioner has been abandoned.) Decree modified, on the law and the facts, by increasing the total amount of the award to $288,108, plus interest. As so modified, judgment affirmed, with costs payable to appellant. The central question is whether Suffolk County's partial taking has effectively deprived claimant's property of any access to public roads and, therefore, left the remainder landlocked. Prior to the subject taking, the property had direct access onto Patchogue-Yaphank Road along 144 feet of frontage commencing at its northwest corner and running northeast to the beginning of a New York State slope easement, which easement had been taken earlier and had cut off the remaining frontage access onto the said road. On April 17, 1972 title vested in the county to a triangular parcel of approximately two acres, which comprised the property's northwest corner. The taking was "without access" and thus cut off the remaining access to Patchogue-Yaphank Road. The only other possible access to public roads is over Old Town Road, an old town highway which allegedly bisects claimant's remainder and leads to a new county highway, County Road 101, over the Gifford property, which bounds claimant's parcel on the west. In another eminent domain proceeding, the county acquired most of the alleged bed of Old Town Road between claimant's westerly property line and County Road 101. The portion not acquired is a triangular piece on the Gifford property, which also abuts claimant's westerly property line. It also appears that, as of the date of vesting, the county intended to improve and pave Old Town Road, which was then an eight-foot-wide dirt path, from County Road 101 to a point 50 feet west of claimant's property line, and no more. The trial court agreed with the county that claimant had legal access via Old Town Road after the subject taking, but awarded approximately $65,000 as severance damages because such access was inferior to the before-taking access in

location and utility. Claimant contends that the county failed to prove the existence of Old Town Road and its specific location and, that even if it did once exist in the location specified by the county, it had since been abandoned by nonuser. We agree. There seems little doubt but that an old town highway, running north-south in the Town of Brookhaven, did exist in the general area of claimant's parcel. However, the 1716 document upon which the county relies to prove ownership of the highway is not a deed and, considering all of the evidence as well as the general rule that highways laid out after 1664 left fee title to the road bed in the adjoining owners (see *Appleton v City of New York,* 219 NY 150), it is clear that the town did not acquire fee title but only an easement of passage thereon. The 1716 document also gives no guidance as to the location of this highway in the general area under consideration. An 1887 Hagstrom's Atlas appears to show a town highway bisecting claimant's property, but it would seem that its asserted location is today really premised upon an assumption that an existing eight-foot-wide dirt path bisecting claimant's property is the traveled way of Old Town Road. It should also be noted that there is no mention of Old Town Road in the twentieth century chain of title deeds to either claimant's or Gifford's property. Even assuming, *arguendo,* that Old Town Road did bisect the subject parcel in the location asserted by the county, we find that claimant sustained its burden of proof with respect to abandonment by nonuser (see Highway Law, § 205). There may have been a use of this dirt path by occasional hunters, people seeking to dump garbage, and Long Island Lighting Company personnel who serviced poles and lines erected along an adjacent right of way, but it was not a use "as a highway", which presupposes "[t]ravel * * * in forms reasonably normal" *(Town of Leray v New York Cent. R. R. Co.,* 226 NY 109, 113). Thus, the public easement of passage has been extinguished. Nor does it appear that claimant retained any private easement or right of access over so much of Old Town Road as allegedly bisected Gifford's property, as there is absolutely no proof in this record that claimant and Gifford acquired their title through a common grantor (cf. *White v Knickerbocker Ice Co.,* 254 NY 152; *Holloway v Southmayd,* 139 NY 390 [common grantor situations]). Finally, we are of the view that requiring claimant to cure its access problem by constructing a new road on the alleged roadbed of Old Town Road which bisects Gifford's property, from its own westerly property line to the beginning of the county's paved road, is a prohibited application of the cost-to-cure doctrine. Claimant had no right or permission from the county, town or Gifford, at the time of the taking, to extend the road to its property line; the cure must be accomplished without going outside the boundary lines of the subject property if severance damages are to be mitigated (see *Gluckman v State of New York,* 37 AD2d 870). Thus, claimant is left with a landlocked parcel and is entitled to full severance damages. Since the before-taking market value of the property is not disputed on appeal, it is not necessary to remit. We have increased the award by a sum equal to the difference between the present award and the before-taking value assigned by the trial court. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.