■ In the Matter of the COUNTY OF SUFFOLK, Respondent, Relative to Acquiring Title to Real Property on Woodside Avenue, from Patchogue-Holbrook Road to Horseblock Road, in the Towns of Islip and Brookhaven. YAPHANK 96 ASSOCIATES, Appellant.—In a condemnation proceeding, claimant appeals from an order and decree (one paper) of the Supreme Court, Suffolk County, entered February 14, 1977, which, after a nonjury trial, fixed the compensation to be awarded to the claimant. Order and decree reversed, on the law and the facts, with costs, and proceeding remanded to the Special Condemnation Term for further proceedings not inconsistent herewith. The central question is whether Suffolk County's partial taking has deprived claimant of legal access from his southerly remainder parcel to public roads and thereby left it landlocked. The claimant could not be required to secure property rights outside of its own boundary lines to

provide access and mitigate severance damages (see *Gluckman v State of New York,* 37 AD2d 870). There are properties abutting the claimant's southerly and westerly property lines that are owned by limited partnerships which were established by the same syndicators who established the claimant partnership. However, since the partnerships are without common ownership there is insufficient identity of interest to give claimant partnership legal access through these abutting properties. The only possible legal access is on claimant's easterly property line. At the time title to claimant's property vested in the county there existed to the east a mapped residential subdivision with a street called Walker Avenue as its westerly boundary. Contrary to the county's contention, claimant never had any legal right of access over the 54-foot width of Walker Avenue. It certainly had no fee interest therein, and the easement of access normally possessed by an abutting owner never existed in this case because Walker Avenue always remained a mere mapped street. It was never physically improved or opened and dedicated to the public. Nor did claimant have any private easement of access over Walker Avenue, as it has been conclusively established that the subject parcel and the parcel to the east did not have a common grantor, having been transferred through entirely different chains of title. Nevertheless, it appears that claimant's southerly remainder is not legally landlocked, in the true sense of the term, for it retains 15.63 feet of frontage and legal access onto a public road namely, the new County Road No. 99— Woodside Avenue. The existence of such access was inadvertent, stemming from misdescriptions of the common boundary line between claimant's property and the property to the east in deeds in claimant's chain of title and a filed subdivision map covering the eastern property. Although such limited access may be unsuitable for an unimproved parcel of more than 25 acres zoned for industrial use, the southerly remainder is not legally landlocked and we cannot conclude, on the record before us, that it is without any value whatsoever. The present award encompasses only direct damages by reason of the partial taking, Special Term being of the view that claimant had access via Walker Avenue. Therefore, there must be a redetermination of damages in the light of the existence of legal access, however limited. We note our agreement with the court's denial of severance damages for the northerly remainder parcel, which concededly retained full legal access. Furthermore, the claim for an award to cover the cost of resurveying the northern remainder is factually and legally unsupported. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.