■ LAKEN REALTY CORP., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48814.)—Cross appeals from a judgment in favor of claimant, entered December 6, 1978, upon a decision of the Court of Claims. The instant claim is based on a second taking from the same parcel of claimant's land, in December of 1965, for the construction of interconnecting ramps to Interstate Route 84 in the Town of Newburgh, Orange County, near the intersection of Route 9W and the New York State Thruway. Approximately three and one-half acres were appropriated from the front boundary of the property, eliminating all remaining frontage and access along Union Avenue. The configuration of the original parcel, the prior 1962 appropriation, and the highest and best use of the property were described by this court in the litigation which resulted from the earlier taking *(Laken Realty Corp. v State of New York,* 29 AD2d 1027). In the present matter, the Court of Claims has awarded judgment to claimant in the sum of $132,515 which includes direct damages of $9,760 and consequential damages of $122,755. Its award is well within the range of valuations offered by the opposing expert witnesses and is fully supported by the facts. While claimant raises various issues on this appeal, the State's cross appeal is limited to an assertion that the award is excessive. However, as noted, there was an elimination of suitable access to the remainder after the taking, and the trial court properly determined the value of that loss as a question of fact upon consideration of the credible evidence (see *Lord v State of New York,* 48 NY2d 711). Nor do we find any merit in claimant's arguments. The trial court's reference to adjoining land

in assessing damages on a cost to cure basis may be improper (see *St. Patrick's Church v State of New York*, 30 AD2d 473), but it seems plain that it did so merely to point out the benefits accruing to the land as a result of the improvement to Interstate Route 84. Under such circumstances, no error was committed (see *Leider v State of New York*, 45 AD2d 82). Moreover, the trial court was correct in refusing to allow claimant to cross-examine the State's expert about other sales, not used in either appraisal, and restricting the examination to issues of credibility. Claimant was attempting to use those sales as a form of supplemental appraisal and, as such, the testimony was clearly inadmissible (Court of Claims Act, § 16, subd 1; 22 NYCRR 1200.25 [c] [1]). Claimant's effort to discover prior unfiled appraisal reports was also properly rejected for failure of proof to demonstrate the existence or relevance of any such appraisal. We have examined claimant's remaining contentions and discern no reason to upset the judgment. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.