**BOARD OF LUCAS COUNTY COMMISSIONERS, Appellee,**

v.

**MOCKENSTURM, Trustee, Appellant.**

[Cite as *Lucas Cty. Bd. of Commrs. v. Mockensturm* (1997), 119 Ohio App.3d 223.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–102.

Decided April 18, 1997.

---

*Julia R. Bates,* Lucas County Prosecuting Attorney, and *Jeffrey B. Johnston,* Assistant Prosecuting Attorney, for appellee.

*David J. Coyle,* for appellant.

SHERCK, Judge.

This appeal comes to us from a judgment rendered by the Lucas County Court of Common Pleas on a jury verdict that established the amount of compensation due a landowner in an appropriation action. Because the trial court erred when it allowed the jury to consider the effect of the landowner's property interest in an adjacent parcel of land, we reverse.

Appellant is Carl B. Mockensturm, trustee of the Mockensturm Trust. The trust owns real property on south McCord Road in Springfield Township, Lucas County, Ohio, also known as Lots 2 and 3 in Dorcas Farms Subdivision. Appellant also holds, as a tenant in common with Roger Lemle, a fifty-percent interest in Lots 4 and 5 in Dorcas Farms, adjacent to Lots 2 and 3.

On January 4, 1996, appellee, Lucas County Board of Commissioners, instituted an appropriation action against a twenty-five-foot strip of the trust's land for purposes of widening McCord Road. At the outset, appellant conceded the necessity and public use of the property. However, the parties could not agree on the valuation of the property for which appellant would be compensated.

The matter proceeded to a jury trial on the issue of compensation only. At trial, appellant's motion to exclude evidence of his partial ownership of Lots 4 and 5 was denied. Also, over appellant's objection, the trial court instructed the jury on the "cost of cure" limitation to damages and submitted interrogatories to the jury that incorporated "cost of cure" computations. The jury returned a verdict in favor of appellant in the amount of $49,625. The jury's interrogatory responses indicated that it had adopted a "cost of cure" amount. The trial court entered judgment on the verdict, and this appeal ensued.

Appellant sets forth the following five assignments of error.

"ASSIGNMENT OF ERROR NO. 1

"The trial court erred by denying appellant-defendant's motion in limine seeking to prevent the plaintiff-appellee from introducing into evidence or referencing in any way appellant's ownership of any real property other than the property taken and the residue of the property taken.

"ASSIGNMENT OF ERROR NO. 2

"The trial court erred by denying appellant-defendant's motion in limine seeking to prevent the County from introducing into evidence or mentioning in any way the appraisals of the subject property done by the County's two experts because they were based upon appellant's partial ownership of property adjoining the residue.

"ASSIGNMENT OF ERROR NO. 3

"The trial court erred by allowing the County to place into evidence that appellant owns a fifty percent interest in real property that adjoins, but is distinct from, the residue of the property taken by the County.

"ASSIGNMENT OF ERROR NO. 4

"The trial court erred by allowing the County's experts to rely upon, and base their options upon, appellant's partial ownership of real property that adjoins the residue in calculating the amount of damage caused to the residue.

"ASSIGNMENT OF ERROR NO. 5

"The trial court erred by instructing the jury on the 'cost of cure' doctrine and instructing the jury that it could limit appellant's damages by the amount appellant could spend to build a parking lot on the Adjoining Property."

All of appellant's assignments of error boil down to a single issue: Should a jury be permitted to consider the use of property distinct and separate from the residue of the appropriated land for purposes of determining a "cost of cure" for the residue of the take? We shall discuss appellant's assignments of error together.

 Both the Ohio and United States Constitutions provide that private property may not be taken for public purposes without just compensation to its owner. Section 19, Article I, Ohio Constitution; Fifth Amendment to the United States Constitution. For such a taking to be accomplished, the state must demonstrate a purpose of public necessity and properly compensate the owner for his or her loss. *Malone v. Toledo* (1878), 34 Ohio St. 541, 545. Proper compensation for property partially appropriated by the state includes both the value of the property taken and any consequential damages to that portion of the land which remains in the private owner's hands following the taking. *Norwood*

*v. Forest Converting Co.* (1984), 16 Ohio App.3d 411, 415, 16 OBR 481, 485–486, 476 N.E.2d 695, 700–701. Damages to the remainder (known as the residue) are calculated by deducting the fair market value of the property after the taking from the fair market value of the property prior to the taking. *Hurst v. Starr* (1992), 79 Ohio App.3d 757, 763, 607 N.E.2d 1155, 1158–1159. However, if the fair market value of the residue may be restored to its pre-taking value by an expenditure of money less than the diminution of value caused by the taking, then the sum required to restore such value ("cost of cure") forms a ceiling for damages which may be awarded. *Columbus v. Farm Bureau Coop.* (1971), 27 Ohio App.2d 197, 203, 56 O.O.2d 382, 385–386, 273 N.E.2d 888, 892.

In the present context, appellee appropriated a strip of property which eliminated eleven parking spaces in front of appellant's "convenience" shopping center. Appellant presented evidence that the absence of convenient parking significantly diminished the commercial rental value and, concomitantly, the fair market value of the remainder of the property at issue.

Over appellant's objection, appellee presented evidence that much of the value loss sustained could be cured by the construction of an off-road parking lot situated on Lots 4 and 5, which were co-owned by appellant and his son-in-law, Roger Lemle. The jury was persuaded by appellee's assertion and, as noted in one of the interrogatories, specifically limited damages to the costs of cure. If the jury could properly consider a "cure" utilizing Lots 4 and 5, appellee must prevail. If not, the alternative is true.

Appellant suggests the issue here is one of first impression in Ohio and directs our attention to cases from other states which have held that "the 'cost of cure' theory of damages * * * may not be used to mitigate consequential damages where the cure must be accomplished by going outside the tract in controversy." *B & B Food Corp. v. New York* (1983), 96 A.D.2d 893, 466 N.Y.S.2d 60. See, also, *Suffolk Cty. v. Arved, Inc.* (1978), 63 A.D.2d 673, 674, 404 N.Y.S.2d 676, 678; *St. Patrick's Church v. New York* (1968), 30 A.D.2d 473, 475, 294 N.Y.S.2d 275, 277; *Campbell v. New York* (1972), 39 A.D.2d 615, 331 N.Y.S.2d 75, 77, affirmed (1973), 32 N.Y.2d 952, 347 N.Y.S.2d 205, 300 N.E.2d 736; *Utah Dept. of Transp. v. Rayco* (Utah 1979), 599 P.2d 481, 490; *Colorado Dept. of Highways v. Intermountain Terminal Co.* (1968), 164 Colo. 354, 359, 435 P.2d 391, 393, the latter two cases both citing 4A Nichols, Eminent Domain (3 Ed. 1964), 14.337–338.

 We must concur with appellant and the authorities he has cited. Lots 4 and 5 might arguably be considered part of the residue (and, therefore, available to effect a cure) if their ownership was common to Lots 2 and 3. However, this was not the case. The adjacent property was owned by appellant and Lemle as tenants in common. Appellant was seised of only an undivided one-half interest in Lots 4 and 5. Such an interest would not permit him to construct anything on

these lots absent consent by his cotenant or by a court-ordered partition. See Boyer, Survey of the Law of Property (1981) 90. Given this, it was inappropriate for the trial court to permit evidence of a possible cure involving Lots 4 and 5 and to charge the jury that it could consider such a cure. Accordingly, all of appellant's assignments of error are found well taken.

■ At oral argument, appellant urged us to enter, pursuant to App.R. 12(B), judgment in his favor in the amount entered in the jury's interrogatories. However, the specific interrogatory dealing with the amount of residual damages is ambiguous as to whether the amount indicated was the amount of the damages or the value of the residue after deduction for damages. Given this ambiguity, an App.R. 12(B) entry is inappropriate.

Upon consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to that court for further proceedings consistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., and KNEPPER, J., concur.