OPINION
Plaintiff-appellant, Boardman Township Park District appeals from a judgment rendered by the Mahoning County Common Pleas Court overruling its motion for a judgment notwithstanding the verdict or a new trial. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE FACTS
Defendant-appellee, Boardman Supply Company owns an 11.28 acre parcel of land. In 1981, Ohio Edison granted an easement to appellee for the use of an adjacent 13.12 acre parcel of land ("easement property"). Boardman Park, operated by appellant, is on the other side of the easement property. In 1997, Ohio Edison conveyed the easement property to appellant. Appellant brought an eminent domain action to appropriate appellee's rights in the easement. The eminent domain action was successful. Subsequently, a hearing was held to determine the amount of compensation to be paid to appellee for the appropriated rights in the easement and the damage to appellee's remaining property, known as the residue. Appellee's witness, certified appraiser Ted McManus ("McManus"), testified that the easement property had a market value of $881,000 and the damage to the residue was $112,000. Appellant's witness, local land developer David Handel ("Handel"), testified that the easement property was worthless to a third party as it was encumbered by easements, zoning ordinances and poor ingress and egress.
The jury determined that appellee would not be compensated for the easement rights that were appropriated, essentially finding that the easement property was worthless. However, the jury awarded appellee $112,800 for damage to the residue. The trial court entered a judgment upon such verdict. Appellant filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court overruled appellant's motion. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error on appeal, the first of which alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO GRANT THE PARK DISTRICT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL WHEN THE JURY'S VERDICT WAS INHERENTLY UNSUPPORTABLE."
 STANDARD OF REVIEW
When ruling on a motion for a judgment notwithstanding the verdict, the trial court applies the same test applied to a motion for a directed verdict. Gladon v. Regional Transit Auth. (1996), 75 Ohio St.3d 312,318, citing Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 275. The evidence at trial and facts established by admissions in the pleadings must be construed most strongly in favor of the nonmoving party. Id. The motion must be denied when there is substantial evidence, upon which reasonable minds may differ, to support the nonmovant's side. Id. The trial court shall not weigh the evidence or the credibility of the witnesses in reaching its conclusion on the motion. Id. This court holds an independent review of the case in order to determine the propriety of the trial court's actions. Fraelich v.Western Reserve Care System (Mar. 22, 1999), Mahoning App. No. 97CA70, unreported.
 LAW AND ARGUMENT
The jury awarded no compensation to appellee for the appropriation of its easement rights. Nonetheless, it awarded appellee $112,800 for the damage to the residue. Appellant contends that this verdict is "nonsensical and inconsistent judgment." (Appellant's brief, 10). Appellant argues that the appropriation of rights in property having no value could not affect the fair market value of the remainder of the land. In support of this argument, appellant cites common sense. As we are forced to conclude that there is a logical nexus between the award of the jury and the facts of this case, we must decline to accept appellant's notion of "common sense."
At the hearing, Handel testified that the easement property had no value to a third party. He did not claim that the land had no value to appellee. Conversely, J. Robert Lyden, a civil engineer, testified that appellee used the easement property for the storage of aggregate. (Tr. 210). McManus testified that in situations where someone owns easement rights in a tract of land adjacent to their own, they can make use of the easement property while others, without abutting land, could not. (Tr. 281). He explained that the easement property could be used for parking, storage and other supporting activities so that the owner of the easement rights could maximize the use of the neighboring land that they owned. (Tr. 281). He concluded that the loss of the easement caused a 5% reduction in the value of appellee's abutting land. That amount was $112,800. Appellant has provided no evidence that appellee's residue land maintained its value after the appropriation of the easement rights. For the easement property, the jury was presented with appellant's contention that the property was worthless and appellee's contention that the property was worth $881,000. They determined that appellant's valuation of the land was better. However, with respect to the damage to the residue, the jury was only presented with appellee's assertion that the loss amounted to $112,800. This figure was uncontroverted by appellee. The jury determined that this amount represented appellee's loss. Given the fact that appellee used the easement property for storage, reasonable minds could conclude that the appropriation of the otherwise worthless property caused a loss to the residue. As such, appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO GRANT THE PARK DISTRICT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN ALTERNATIVE (sic), FOR A NEW TRIAL WHEN NO COMPETENT EVIDENCE WAS PRESENTED IN SUPPORT OF THE DEFENDANT-APPELLEE'S CLAIM FOR DAMAGES."
Appellant claims that the testimony concerning damages given by McManus could not support the jury's award. Damages to the residue are calculated by deducting the fair market value of the property after the taking from the fair market value of the property prior to the taking. Bd. of LucasCty. Commrs. v. Mockensturm (1997), 119 Ohio App.3d 223, 227.
Appellant notes that McManus testified that he determined the fair market value of the property by using a "comparable sales approach." (Tr. 258). It contends that McManus acknowledged that there were no sales comparable to this one. As such, appellant insists that the jury's verdict was against the manifest weight of the evidence. We disagree.
While McManus testified that it would be very difficult to locate property with attributes identical to the property in this case, he explained that he used similar properties and made adjustments for the differences. In determining the value, McManus relied on six similar sales within the vicinity. For each sale, he calculated the price per acre of land. He then made adjustments for differences among the properties such as location, condition and easements. Using this approach, he concluded that the easement property was worth $881,000. He testified that appellee's property was worth $2,256,000 before the appropriation. Adjusting for the lost rights in the easement property, he claimed that appellee's property was worth $2,143,200. The difference between the two numbers is $112,800.
We must affirm the trial court's judgment if it is supported by some competent, credible evidence going to all the material elements of the case. Gerijo, Inc. v. City of Fairfield (1994), 70 Ohio St.3d 223, 226. In light of the foregoing, it is clear that the jury was presented with competent, credible evidence to support their determination that the damage to the residue was $112,800. As such, we will not reverse the trial court's judgment.
Additionally, appellant argues that McManus improperly calculated the damages. However, appellant failed to object to McManus' testimony. A failure to object to evidence at trial constitutes a waiver of any challenge to its admission. Gollihue v. Consolidated Rail Corp. (1997),120 Ohio App.3d 378, 388. As such, we will not consider this argument. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs, Waite, J., concurs.