■ JOSHUA MORRIS et al., Appellants, v TOWN OF LOCKE et al., Respondents. [974 NYS2d 873]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 30, 2012 in a declaratory judgment action. The judgment, among other things, granted the cross motions of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reinstating the amended complaint and as modified the judgment is affirmed without costs in accordance with the following memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that Robinson Road is a public highway and thereafter moved for summary judgment with respect to that requested relief. De-

fendants cross-moved for summary judgment dismissing the amended complaint contending, inter alia, that Robinson Road had been abandoned by nonuse. Supreme Court granted the cross motions, declaring in its bench decision that, even if Robinson Road had been a public highway, it had been abandoned. The court's declaration was proper because even assuming, arguendo, that the road was once a public highway, we agree with defendants that the court properly determined that they met their burden of establishing that Robinson Road had been abandoned by nonuse (*see* Highway Law § 205 [1]; *Pless v Town of Royalton*, 185 AD2d 659, 659 [1992], *affd* 81 NY2d 1047 [1993]). In opposition, plaintiffs failed to demonstrate that any use of the road since 1935 was other than occasional limited use that does not amount to use as a highway, which requires "[t]ravel . . . in forms reasonably normal" (*Town of Leray v New York Cent. R.R. Co.*, 226 NY 109, 113 [1919]; *see Matter of County of Suffolk [Arved, Inc.]*, 63 AD2d 673, 674 [1978]). Plaintiffs failed to preserve for our review their contention that the abandonment of Robinson Road constituted an unconstitutional taking without just compensation (*see Melahn v Hearn*, 60 NY2d 944, 945 [1983]). Nevertheless, the court erred in dismissing the amended complaint in this declaratory judgment action, and we therefore modify the judgment accordingly (*see generally Tumminello v Tumminello*, 204 AD2d 1067, 1067 [1994]).

In light of our determination, we do not reach defendant Town of Lansing's alternate grounds for affirmance. Present—Smith, J.P., Centra, Fahey, Carni and Whalen, JJ.