**In the Matter of MARYLAND CASUALTY COMPANY, Plaintiff,**

**v.**

**ECONOMY BOOKBINDING CORPORATION PENSION PLAN AND TRUST; et als., Defendants.**

**Civ. A. No. 84–2297.**

United States District Court, D. New Jersey.

Nov. 4, 1985.

As Amended Nov. 12, 1985.

Elliott Abrutyn, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, N.J., for plaintiff.

Dennis J. O'Grady, Riker, Danzig, Scherer & Hyland, Morristown, N.J., for defendant Davanzo.

Raymond P. D'Uva, Rodino, Forman & D'Uva, Roseland, N.J., for defendants D'Uva and Del Gior, Inc.

N. Janine Dickey, Wolff & Samson, Roseland, N.J., for defendant Barry.

Charles J. Hayden, Durand, Gorman, Heher, Imbriaco & Lynes, Newark, N.J., for defendant Zecco, trustee and Individually.

Gerald M. Gorrin, Gorrin, Whitken & Crowley, Livingston, N.J., for defendant Zecco, Individually.

Louis A. Ruprecht, McDermott, McGee & Ruprecht, Millburn, N.J., for defendant Davanzo in the event of insurance coverage.

Joseph Saunders, defendant pro se.

## OPINION

STERN, District Judge.

Maryland Casualty Company is the issuer of an insurance policy providing employee benefits liability insurance to certain officers and employees of Economy Bookbinding Corporation in their capacities as administrators and trustees of the Economy Bookbinding Corporation Employees' Pension Plan and Trust (the "Pension

Plan"). A number of the administrators and trustees of the Pension Plan have been sued in a separate action, *David A. Rapisardi, et al. v. Economy Bookbinding Corporation Pension Plan and Trust*, No. 83–1034. Maryland Casualty has appointed counsel to represent two of the defendants in that case, Anthony J. Davanzo and Mario J. Zecca, pursuant to the policy's reservation of rights provision. It brings this action for a declaratory judgment that, under the policy, it has no obligation either to represent defendants Davanzo and Zecca or to indemnify them in the event they are found liable for damages.

Maryland Casualty asks in the present motion for summary judgment. Defendants Davanzo and Zecca bring cross-motions for summary judgment that Maryland Casualty is obligated to defend and indemnify them under the policy. (Davanzo and Zecca are represented by separate counsel and have filed and served independent motions and papers, but as the issues as to them are identical, they will be treated together in this opinion.)

There are seven separate claims brought against the defendants in the underlying *Rapisardi* suit. Summary judgment is granted Maryland on four claims and for defendants on one claim, and is denied on two claims, as explained below.

## FACTS

Defendants Davanzo and Zecca, formerly President and Vice-President of Economy Bookbinding, were trustees of Economy's Pension Plan. Economy is in Chapter 7 bankruptcy and is currently being liquidated. Davanzo is also in bankruptcy.

As trustees of the Plan, Davanzo and Zecca are defendants in the *Rapisardi* lawsuit. That suit charges that they and other defendants violated their fiduciary and statutory (ERISA) duties to the Pension Plan, resulting in damages to the beneficiaries in the amount of $358,787.30 plus additional sums to be determined. As described in the *Rapisardi* plaintiffs' status conference memorandum of February 29,

1984, there are seven separate claims, with damages broken down as follows:

1. Investment of plan funds in Economy's own securities, a violation of fiduciary duty and ERISA ($117,924.26).
2. Embezzlement by a third officer-defendant and failure of Davanzo and Zecca to detect the embezzlement ($28,963.70).
3. Failure to collect interest due on returned real estate investment funds ($18,000 plus some additional interest).
4. Disappearance of loans taken out against life insurance on employee-plaintiffs ($128,721.27).
5. Improper calculation of benefits, with resultant underfunding of the plan (to be determined by plan's actuaries).
6. Attorney's fees under ERISA (to be determined).
7. Statutory penalty for refusal to reveal information to beneficiaries as required by ERISA ($12,100).

Maryland Casualty's standard employee benefits liability policy includes a specific disclaimer concerning suits brought under ERISA. Through an oversight, however, Economy Bookbinding was issued an older version of the policy, drawn up before ERISA had been enacted. Maryland admits that ERISA violations may be covered under the actual policy in force, but denies that it covers the above seven claims. The operative portions of the policy read as follows:

COVERAGE. To pay on behalf of the *insured*, all sums which the *insured* shall become legally obligated to pay on account of any claim made against the *insured* ... caused by any negligent act, error or omission of the insured ... in the *administration* of the *Insured's Employee Benefits Programs*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account thereof ... (Emphasis in original.)

The policy contains a definitions clause which defines "administration" as follows:

*"Administration"*—The unqualified word "administration", wherever used, shall mean:

(1) Giving counsel to employees with respect to the Employee Benefit Programs;

(2) Interpreting the Employee Benefit Programs;

(3) Handling of records in connection with the Employee Benefit Programs

(4) Effecting enrollment, termination or cancellation of employees under the Employee Benefit Programs;

provided all such acts are authorized by the named insured.

Maryland argues that the seven claims in *Rapisardi* are based on acts not covered by the policy. It says that the acts complained of are not negligent, and also that they do not meet the policy's definition of "administration."

Defendants respond that the policy's definition of administration should not be given effect; that its "plain meaning" should be used instead; and that in any event the acts complained of were negligent and do meet the policy's definition of "administration."

The suit is in federal court under the court's diversity jurisdiction; the parties agree that the policy is to be interpreted under the law of New Jersey.

## DISCUSSION

### I. The Meaning of "Administration"

The policy covers only claims arising from acts performed in the "administration" of the policy, and defines administration in a limited way. It is clear that the policy limits coverage to liability incurred in relatively routine, ministerial acts performed in relation to the Pension Plan, and avoids coverage of liability incurred in the decision-making and monitoring involved in managing the Plan's investments.

■ Defendants argue that the word "administration" in its "ordinary meaning" includes such management tasks, and that the policy definition of the term should not be applied "to exclusionary effect." They cite a large number of cases which say that ambiguous insurance policies should be construed in favor of the insured; that forfeitures should be avoided; and that provisions of policies which bury overly restrictive definitions of ordinary words in reams of small print should not be followed. None of these principles apply. The policy endorsement at issue is only two pages long; the word "administration" is printed in bold-face in the policy's coverage clause; and the definitional clause is quite legible and clearly positioned on the page. The policy definition, therefore, is controlling. *C.F. Mueller Co. v. Maryland Casualty Co.*, 341 F.Supp. 286, 290 (D.N.J.1972).

### II. Coverage of Specific Claims

It now becomes necessary to determine, claim by claim, whether the acts complained of were negligent and whether they occurred within the administration of the Pension Plan. For this purpose, we will use the claims as set out in the *Rapisardi* plaintiffs' status conference memorandum, which narrows the scope of the original complaint and which determines the issues as they will be tried. Fed.R.Civ.P. 16(c)(1).

As Maryland points out, coverage is determined by comparing the underlying claims against the policy. *Ohio Casualty Ins. v. Flanagan*, 44 N.J. 504, 512 (1965). The results of this test here are as follows:

*Claim I.* Improper investment in the securities of Economy Bookbinding's own stock. ERISA allows such purchases of up to 10% of a plan's funds; here, 16% was purchased. Defendant Davanzo claims the purchase was a result of an innocent error in calculating the Plan's assets, and therefore was "negligent" and should be covered. This is clearly a question of fact.

■ But "investment" is not "administration" under the contract. Although the miscalculation may have been "administration" under the second or third clause in the definition "interpreting the ... pro-

grams" or—"handling of records"—the investment itself is what is complained of, and this does not fall within the definition. In fact, it is just this sort of loss through bad investments that the definition of the word administration is intended to exclude.

I grant summary judgment to Maryland on this claim.

*Claim 2.* Failure to detect embezzlement.

■ Zecca and Davanzo are charged with liability for "failure to examine the trust checking account and checkbook." This is clearly a charge of negligence, and also falls within the "handling of records" clause of the definition of administration.

I grant summary judgment for defendants on this claim.

■ *Claim 3.* Failure to collect accounts receivable (interest on real estate investment purchase money which was returned).

Such a failure may or may not have been negligent; however, it clearly falls outside all of the four clauses of the policy definition of "administration." The collection of such accounts is a task associated with the management of investment funds, not with the administration of the Plan.

I grant summary judgment for Maryland on this claim.

■ *Claim 4.* Disappearance of loans taken against life insurance policies.

The taking out of loans against life insurance policies cannot have been "negligent," nor can it be fit into the policy's definition of "administration."

I grant summary judgment for Maryland on this claim.

*Claim 5.* Improper calculation of benefits, with resultant underfunding of the Plan.

The calculation of benefits falls within the clause including "interpreting the Employee Benefits Programs" in the definition of administration.

■ The *Rapisardi* plaintiffs do not allege that this was done either negligently

or intentionally. Either, of course, would be a violation of a trustee's fiduciary duties. If defendants are found not to be liable, they will have been cleared of the sort of negligent misconduct covered under the policy, and Maryland will be obligated to pay the cost of their defense. If defendants are found liable, however, further fact-finding in this proceeding will be required to determine whether their acts were negligent, and thus covered, or intentional, and thus excluded from the policy.

Therefore, I deny summary judgment to all parties as to this claim.

*Claim 6.* Attorney's fees under ERISA.

■ ERISA contains an attorney's fee provision for successful suits charging ERISA violations. If such violations are proven and fees awarded in the *Rapisardi* suit, further fact-finding here will be required to determine whether the acts constituting the violations were negligent or intentional.

I deny summary judgment to all parties on this claim.

*Claim 7.* ERISA statutory penalty for refusal to reveal information to beneficiaries.

■ This claim alleges violations of 29 U.S.C. § 1132, which gives pension plan beneficiaries the right of access to certain plan information. The information was requested in the context of discovery demands in the *Rapisardi* suit. I do not believe that the failure to respond to document demands could have been negligent, and neither defendant alleges that it was. (Whether it was a violation of ERISA or not is, of course, a question for the *Rapisardi* suit to resolve.)

I grant summary judgment for Maryland as to this claim.

### III. Defendants' Motion to Amend Pleadings

Davanzo and Zecca both ask leave of the Court to file supplemental pleadings in the form of counterclaims alleging bad faith in Maryland's attempt to deny them coverage. Maryland makes no argument against this

motion. I have found that Maryland's denial of coverage was proper as to three of seven of the *Rapisardi* claims; as to these claims, of course, no counterclaims may be filed. As to the rest, however, permission to file supplemental pleadings is granted, in accordance with Fed.R.Civ.P. 15.

### ORDER

For the reasons set forth in the Court's opinion filed herewith;

It is on this 4 day of November, 1985,

ORDERED that, in respect to the claim in the *Rapisardi* suit concerning defendants' allegedly improper investment of Pension Plan funds in Economy Bookbinding stock ("Claim 1"), Maryland Casualty's motion for summary judgment is hereby granted, and defendants' motions for summary judgment are hereby denied; and it is further

ORDERED that, in respect to the claim in the *Rapisardi* suit concerning defendants' alleged failure to detect embezzlement ("Claim 2"), defendants' motions for summary judgment are hereby granted, and Maryland Casualty's motion for summary judgment is hereby denied; and it is further

ORDERED that, in respect to the claim in the *Rapisardi* suit concerning defendants' alleged failure to collect accounts receivable ("Claim 3"), Maryland Casualty's motion for summary judgment is hereby granted, and defendants' motions for summary judgment are hereby denied; and it is further

ORDERED that, in respect to the claims in the *Rapisardi* suit concerning defendants' liability for the alleged disappearance of loans taken against life insurance policies ("Claim 4"), Maryland Casualty's motion for summary judgment is hereby granted, and defendants' motions for summary judgment are hereby denied; and it is further

ORDERED that, in respect to the claims in the *Rapisardi* suit concerning the allegedly improper calculation of Plan benefits ("Claim 5"), the motions for summary judg-

ment of all parties are hereby denied; and it is further

ORDERED that, in respect to the claim in the *Rapisardi* suit for statutory attorney's fees, the motions for summary judgment of all parties are hereby denied; and it is further

ORDERED that, in respect to the claim in the *Rapisardi* suit for statutory penalties under 26 U.S.C. § 1132 ("Claim"), Maryland Casualty's motion for summary judgment is hereby granted, and defendants' motions for summary judgment are hereby denied.

ORDERED that defendants' motions to file supplemental pleadings in the form of counterclaims are denied insofar as they are intended to allege bad faith on the part of Maryland in its denial of coverage as to Claims 1, 3 and 4, and granted insofar as they concern any other claims.