OPINION OF THE COURT
Thomas A. Stander, J.
The defendant, Federal Insurance Company (Federal), submits a motion seeking an order granting summary judgment to Federal, declaring that Federal is not required to defend and/or indemnify plaintiff in relation to the underlying action, Summers v Brighton Sec. Corp., pending in United States District Court, Western District of New York; an order dismissing plaintiff’s complaint; and such other and different relief.
The defendant, American Manufacturers Mutual Insurance Company (American), submits a motion seeking an order directing entry of summary judgment in favor of American, declaring that American is not required to defend and/or indemnify plaintiff in relation to the underlying action, Summers v Brighton Sec. Corp., pending in United States District Court, Western District of New York; and for an order dismissing plaintiff’s complaint; along with such other and different relief as the court may find just.
The plaintiff, Jasco Tools, Inc. (Jasco), submits a cross motion seeking an order granting plaintiff Jasco summary judgment declaring that the defendants, American and Federal, are obligated to defend and indemnify Jasco with respect to the claims asserted against it in the underlying Federal court action.
All agree that American is the carrier that issued the primary policies to the plaintiff, Jasco. Federal issued excess/ umbrella policies to Jasco.
The plaintiff concedes in its affidavit that Jasco “is not seeking coverage under Coverage B of either the American policy or [sic] the Federal policy.” (Affidavit of Kenneth Marvald 30.)
federal’s ARGUMENT THAT EMPLOYEE BENEFIT LIABILITY COVERAGE WAS NOT LISTED AS AN UNDERLYING INSURANCE COVERAGE
Federal asserts that there is no coverage under “Coverage A” of the Federal policy because employee benefit liability cover *830 age was not listed as an underlying insurance coverage on the Federal policies schedule of underlying insurance. The commercial excess umbrella policy of Federal states that “the Underlying Policies shown in this Schedule include the following coverage * * * Commercial General Liability”. There is no specific listing of employee benefit liability coverage; and no specific exclusion of employee benefit liability coverage under the Federal policy.
Coverage under the American commercial general liability policy includes employee benefit liability coverage. Therefore, by Federal indicating that underlying policies are the commercial general liability policies, then excess coverage by Federal must include employee benefit liability coverage. Federal is not entitled to dismissal of the declaratory judgment action based upon this argument.
FEDERAL AND AMERICAN — THERE IS NO COVERAGE UNDER POLICY AND THE EXCLUSIONS ON COVERAGE APPLY
American asserts, and Federal also asserts, that there is no coverage for plaintiff based upon the terms of the American policy. The coverage provided to Jasco under the defendants’ policies for employee benefit liability coverage is for negligence and errors or omissions in the administration of employee benefit programs. Administration is defined as:
“the following when performed under your authorization:
“1. Giving advice other than legal advise [sic] about the Employee Benefit Programs;
“2. Informing employees of the content of the Employee Benefit Programs;
“3. Handling records in connection with the Employee Benefit Programs;
“4. Enrolling, terminating or canceling employees under the Employees Benefit Programs.”
In addition, both American and Federal assert that there is no policy coverage for Jasco under Coverage A of either policy because the American policy excludes coverage for:
“[cjlaims based upon failure of an investment to perform as represented by you [i.e., the named insured];
“[c]laims based upon the investment or noninvestment of Employee Benefit Program funds.” (American policy, employee benefit liability coverage endorsement, CG7709 [ed 07-88], exclusions E, G.)
*831 It is necessary at this point to review the underlying Federal court action entitled Summers v Brighton Sec. Corp. pending in United States District Court, Western District of New York. The amended complaint in the underlying Federal action, filed in February 1997, sets forth two causes of action against Jasco as the plan administrator. The first, stated as the sixth count, alleges that Jasco was negligent and careless in the handling of the plan’s records by failing to confirm collateral on the Bennett Note (Note); by failing to obtain copies of insurance policies and failing to confirm insurance payable to the plan; by failing to verify filings under the UCC to perfect a security interest in the Note; and by failing to consult counsel. The second cause of action, stated as the seventh count, alleges that Jasco violated its fiduciary obligations under the Employee Retirement Income Security Act (29 USC § 1001 et seq.).
The defendants in requesting dismissal of the declaratory judgment complaint rely on the fact that there is no coverage available for the claims asserted in the Federal District Court action against Jasco. They aver that the type of actions alleged in the complaint are not “handling records” as set forth in the policies. Although the underlying action alleges claims against Jasco for negligence and carelessness in its duties as plan administrator, there would be no action but for the failure of the investment of the plan assets. The policy exclusions are determinative of coverage.
There has been no proof set forth by Jasco that as plan administrator it had any obligation to review, confirm, or obtain the documentation on any investment of plan assets. In our review of the Note, all obligations regarding collateral, insurance or investment were the responsibility of the trustee, not the plan administrator. Nowhere do we find the plan administrator responsible for any aspect of the Bennett Note investment.
The general allegation in the Federal District Court action concerning the plan administrator’s failure to “Handle Records” is not enough for Jasco to obtain coverage under the American policy. The insurance policy contains an unambiguous exclusion of coverage for failed investments and for failure to invest. The exclusionary language is clear. The exclusion clauses contained in defendants American and Federal’s policy coverages is applicable against Jasco. (Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347 [1996].)
The motions by American and Federal seeking an order granting summary judgment to defendant, American, and to *832 defendant, Federal, declaring that American and Federal are not required to defend and/or indemnify plaintiff in relation to the underlying action, Summers v Brighton Sec. Corp., is granted.
The plaintiff’s cross motion for summary judgment is denied.
ORDER
Based upon the papers submitted in support and in opposition to these motions, upon due deliberation, and upon the above decision, it is hereby ordered that the motion by defendant, American Manufacturers Mutual Insurance Company, and the motion by defendant, Federal Insurance Company, for an order granting summary judgment to the defendants are both granted; it is further ordered that the motion by plaintiff, Jasco Tools, Inc., for summary judgment is denied; and it is further ordered that the plaintiffs complaint is dismissed.