■ JASCO TOOLS, INC., Appellant, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Respondents. [688 NYS2d 317] —Judgment unanimously modified on the law and

as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiff is a defendant in an action brought in Federal court on behalf of its employees who participated in plaintiff's 401(k) Savings Plan (Plan). The complaint alleges that plaintiff negligently handled records of the Plan, causing a loss of investment. Plaintiff contends that, under a comprehensive commercial general liability policy issued by defendant American Manufacturers Mutual Insurance Company (American) and a commercial excess umbrella policy issued by defendant Federal Insurance Company (Federal), it is entitled to a defense and indemnification in the action in Federal court. Because this is a declaratory judgment action, Supreme Court erred in dismissing the complaint rather than declaring the rights of the parties (*see, Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). We thus modify the judgment by reinstating the complaint and granting judgment in favor of defendants declaring that defendants are not required to defend and/or indemnify plaintiff in the action in Federal court.

American's comprehensive commercial general liability policy provides coverage for damages that plaintiff is legally obligated to pay to an employee because of plaintiff's "negligence, errors or omissions in the Administration of Employee Benefit Programs". "Administration" is defined in pertinent part as "[h]andling records in connection with the Employee Benefit Programs". The policy contains two relevant exclusions, for claims based on the failure of an investment to perform as represented by plaintiff, and for claims based on the investment or noninvestment of funds. We agree with the court that the exclusions are unambiguous and apply to the facts of this case (*cf., New Hampshire Ins. Co. v Jefferson Ins. Co.*, 213 AD2d 325, 327). Although the complaint in the underlying action in Federal court alleges negligence in the administration of the Plan, the injury sustained by the employees is based upon the failure of an investment and thus the exclusions apply. Plaintiff's reliance on *Matter of Maryland Cas. Co. v Economy Bookbinding Corp. Pension Plan & Trust* (621 F Supp 410) is misplaced. In that case, there were no exclusions. In any event, the court found that the failure of the plan administrator to examine a trust checking account to detect acts of embezzlement involved "handling records" within the policy coverage, while the failure to collect accounts receivable involved a "task associated with the management of investment funds, not with the administration of the [p]lan" (*Matter of Maryland Cas. Co. v Economy Bookbinding Corp. Pension Plan & Trust, supra,* at 414). Here, the complaint in the

underlying Federal action alleges that plaintiff failed to review documentation to check collateral, insurance and security for an investment, which is "a task associated with the management of investment funds" and thus not covered by the policy.

We note that the contention of Federal that its policy does not include employee benefit liability coverage is lacking in merit. Because American's policy included employee benefit liability coverage, and "commercial general liability" was listed by Federal on its schedule of underlying insurance policies, Federal's excess coverage must include employee benefit liability coverage. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ. [*See*, 176 Misc 2d 828.]