**GROUP VOYAGERS, INC., a New York corporation, Plaintiff–Appellant,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Defendant–Appellee,**

No. 02–15695.
D.C. No. CV–01–00400–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 2003.

Decided June 4, 2003.

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

Group Voyagers, Inc. ("GVI") appeals the district court's grant of summary judgment in favor of Employers Insurance of Wausau ("Wausau"). We have jurisdiction

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

under 28 U.S.C. § 1291. We review the district court's decision de novo, *HS Services, Inc. v. Nationwide Mut. Ins. Co.,* 109 F.3d 642, 644 (9th Cir.1997), and we affirm.

At issue is an "employee benefits liability" ("EBL") endorsement in Wausau's commercial general liability policy. Under the EBL endorsement, Wausau defends suits for losses "as a result of any negligent act, error or omission that occurs in the 'administration' of [the insured's] 'employee benefits program.'" We agree with the district court that—given the allegations in the underlying action *Scherrer v. Group Voyagers, Inc. et al.,* Civ. No. 99–04834SI, and the undisputed evidence of GVI's intention to deny retirement benefits to tour directors—the underlying action created no potential for coverage so as to create a duty to defend.

Ever since its pension plan was established, GVI has consistently maintained that pension benefits would only be provided to associates and not to tour directors. That is, it readily acknowledges that it has always purposefully and deliberately excluded all tour directors from eligibility for pension benefits. In that sense, GVI intended such "injury." The *Scherrer* complaints do not allege that GVI negligently or mistakenly misread its retirement plan. GVI's argument that its behavior was not "wilful" for purposes of Cal. Ins.Code § 533 is beside the point because the question is not whether GVI acted "wilfully"; the question is whether it acted negligently in administering the plan. There are intermediate degrees of state of mind (e.g., recklessly, knowingly, intentionally) that would not necessarily be "wilful" under section 533 ("necessarily and inherently harmful") yet still are beyond a "negligent act, error or omission" so as not to trigger a duty to defend.

Looking beyond the *Scherrer* allegations, even if GVI could claim potential error in drafting or interpreting plan documents, this does not transform GVI's deliberate conduct into a negligent error in the "administration" of the plan for purposes of the EBL endorsement. *See Maryland Cas. Co. v. Economy Bookbinding Corp. Pension Plan & Trust,* 621 F.Supp. 410, 413 (D.N.J.1985) (indicating that purpose of EBL coverage is to protect against ministerial mistakes in administering plan); *Baylor Heating & Air Conditioning, Inc. v. Federated Mut. Ins. Co.,* 987 F.2d 415, 419 (7th Cir.1993) ("Although [the insured's counsel] may have been mistaken ... this does not convert [the insured's] intentional act in refusing to further honor the collective bargaining agreement into a negligent one.").

AFFIRMED.